UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WAYNE MITCHELL,                                    )
                                                   )
                        Petitioner,                )
                                                   )
            v.                                     )          No. 2:20-cv-00552-JRS-MG
                                                   )
WARDEN Wabash Valley Correctional Facility,        )
                                                   )
                        Respondent.                )

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Wayne Mitchell petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVD 20-07-0154. For the reasons explained in this Order, Mr. Mitchell's habeas petition is **denied**.

### A.      Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B.      The Disciplinary Proceeding**

On July 21, 2020, Indiana Department of Correction (IDOC) Investigator S. Carpenter wrote a Report of Conduct charging Mr. Mitchell with violating Offense A-100 of the IDOC's Adult Disciplinary Code, prohibiting violating state law, specifically here a conspiracy to commit fraud in violation of Indiana Codes 35-41-5-2 and 35-43-5-4(1)(c). The Report of Conduct reads:

> Offender Wayne Mitchell #128693 admitted to Investigator F. McDonald and I, Investigator S. Carpenter he had stolen the credit card information of an offender and relayed the information to his wife. Mitchell also admitted he instructed his wife on several occasions what to use the funds from the card to purchase. While monitoring GTL messages sent by offender Wayne Mitchell #128693 to his wife Meleia Mitchell, I discovered a message dated 5/10/2020 sent at 1:18-hrs which stated the following, "I really want you to get you a new laptop if you can." "You use that for that. Save your money honey. Stock up while you can."

> These quotes are clearly meant to direct his wife to fraudulently use the stolen credit card information for their own personal gain.

Dkt. 14-1.

> Investigator Carpenter also prepared a Report of Investigation. It reads:

> An investigation was initiated into a report of several thousands of dollars missing from an offender's personal bank account on June 18, 2020. During the course of the investigation, the source of the missing funds pointed to offender Mitchell, Wayne #128693. Mitchell was a previous cellmate of the victim. Upon monitoring communications between offender Mitchell and his wife, Meleia Mitchell, it became obvious offender Mitchell obtained the credit card information of the victim and passed it along to his wife. Mitchell then instructed Meleia Mitchell to make several purchases on that credit card to buy personal items, household goods, pet supplies, create a fictitious GoFundme account, and place funds into his own offender accounts. Offender Mitchell was advised of his Miranda Rights and questioned in the matter. Mitchell admitted he stole the credit card information and instructed his wife to make all of the purchases. Mitchell claimed his wife was unaware the credit card number was stolen and was only doing what he told her to do.

> There were a total of thirteen (13) separate instances in which offender Mitchell instructed his wife via GTL messaging to use the stolen credit card to make purchases for his/her benefit.

> This investigation concluded on July 21, 2020.

2

Dkt. 14-3.

Lead investigator F. McDonald also prepared a witness statement for the case:

On June 25, 2020 I, Lead Investigator F. McDonald was present for an interview with offender Wayne Mitchell #128693. During that interview offender Mitchell admitted he had stolen credit card information from another offender and instructed his wife to make purchases on their behalf with that stolen card.

Dkt. 14-7.

Each of the thirteen instances when Mr. Mitchell allegedly told his wife to make a credit card purchase was charged as a separate disciplinary case. This habeas action concerns disciplinary case number WVD 20-07-0154, in which Mr. Mitchell was notified of the charge on July 29, 2020. Dkt. 14-4. He received the Screening Report at that time, pleaded not guilty to the charge, and did not request witnesses or evidence. *Id.*

The disciplinary hearing was held on August 3, 2020. Dkt. 14-6. Mr. Mitchell's statement was that there was no proof of stolen information. *Id.* The disciplinary hearing officer (DHO) considered the staff reports, Mr. Mitchell's statement, the witness statements, the Report of Investigation, and the physical evidence (the messages to Mr. Mitchell's wife), and found Mr. Mitchell guilty of Offense A-100, violation of state law. *Id.* The sanctions imposed included the loss of earned-credit-time. *Id.*

Mr. Mitchell appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 14-9, 14-10. Both appeals were denied. *Id.* Mr. Mitchell then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent has filed his return and the disciplinary record. Dkt. 14. Mr. Mitchell did not file a reply.

C.    **Analysis**

In his petition for a writ of habeas corpus, Mr. Mitchell presents six grounds for relief:

1.     In violation of IDOC policy 02-04-101, the disciplinary hearing officer made no attempt to obtain a witness statement from his wife.

2.     In violation of IDOC policy 02-04-101, the staff waited longer than seven business days after they became aware of a possible code violation to file a conduct report.

3.     In violation of Indiana Code § 11-11-5-5(B), the IDOC waited longer than ten days to charge Mr. Mitchell with a disciplinary code violation after it became aware of the possible violation.

4.     Mr. Mitchell's disciplinary hearing officer was not impartial.

5.     Mr. Mitchell was not provided a written statement of the reasons for the guilty finding by the disciplinary hearing officer.

6.     There was insufficient evidence to support the disciplinary charge.

The respondent asserts that Mr. Mitchell failed to exhaust his available administrative remedies on Grounds One, Three, and Six. Dkt. 14 at 7. Mr. Mitchell, by not filing a reply or other objection, does not dispute this assertion. A review of Mr. Mitchell's administrative appeal to the facility Warden confirms the respondent's argument. Dkt. 14-9 at 2-3. Pursuant to the IDOC's Disciplinary Code for Adult Offenders, all appeals from disciplinary actions must have been presented to the facility Warden within fifteen days of the hearing or receipt of the report of the hearing. Dkt. 14-12 at 53 (Section X.A.). Because the fifteen days have passed, not only are these grounds for relief unexhausted, they are procedurally defaulted.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a

4

claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019). *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat*, 288 F.3d at 982 ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

The consequence here is that only Mr. Mitchell's second, fourth, and fifth grounds for relief may be addressed on their merits.

### Ground Two

In Ground Two, Mr. Mitchell seeks habeas relief because IDOC policy 02-04-101 requires facility staff to file the disciplinary charge within seven business days after they become aware of a possible code violation. Whether the policy does, in fact, have such a timeline, or whether prison staff did not comply with the policy, is not relevant here because prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Thus, no federal due process violation occurs when prison policies are not followed.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable

and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Accordingly, no habeas corpus relief can be granted on this basis, and Mr. Mitchell's second ground for relief is **denied**.

### Ground Four

Mr. Mitchell contends he was denied an impartial disciplinary hearing officer because the officer did not obtain an outside witness statement, consider all of the evidence, provide him a written statement of reasons for his decision, and considered the other disciplinary cases against him.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at

666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Here, what forms the basis of Mr. Mitchell's allegations are the duties that disciplinary hearing officers routinely perform. None of the activities demonstrate bias. Even the DHO's failure to obtain Mr. Mitchell's wife's statement – an activity not requested by Mr. Mitchell – does not suggest bias or partiality. Mr. Mitchell has simply failed to present clear evidence to rebut the presumption of honesty and integrity afforded to the DHO. Habeas corpus relief on Ground Four of the petition is **denied**.

**Ground Five**

In Ground Five, the final exhausted habeas corpus issue, Mr. Mitchell contends he was not provided a signed, written statement of the reasons for the DHO's decision. This contention is belied by the record. Mr. Mitchell did, in fact, receive a copy of the Report of Disciplinary Hearing, but not until August 19, 2020. *See* dkt. 1 at 6. This was sixteen days after the disciplinary hearing, which Mr. Mitchell argues was one day after his appeal deadline. *Id.* But Mr. Mitchell is wrong about the appeal deadline. Section X.A of the Disciplinary Process for Adult Offenders places the facility appeal deadline for *either* fifteen days after the hearing or fifteen days after receipt of the Report of Disciplinary Hearing. Dkt. 14-12 at 53. No prejudice occurred.

Finally, as to the extent Mr. Mitchell attempts to obtain habeas corpus because of the DHO's alleged late provision of the reasons for his decision, that timetable is not established by federal law, but by IDOC policy. As discussed in Ground Two, above, violations of prison policy do not violate federal due process. Accordingly, habeas corpus relief on Ground Five is **denied**.

D.      **Conclusion**

None of the grounds for relief in Mr. Mitchell's petition for a writ of habeas corpus have merit. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mitchell to the relief he seeks. Accordingly, Mr. Mitchell's petition for a writ of habeas corpus challenging prison disciplinary case number WVD 20-07-0154 is **denied** and this action is **dismissed** with prejudice. Final judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 9/8/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wayne Mitchell
128693
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov